FILED
**United States Court of Appeals**
**Tenth Circuit**

**May 31, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BROK ARLIN RICE,

    Defendant - Appellant.

No. 24-4012
(D.C. Nos. 2:23-CV-00858-DBB &
2:22-CR-00174-DS-1)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Brok Arlin Rice, a federal prisoner proceeding pro se, seeks a Certificate of Appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 petition. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we deny a COA.

## BACKGROUND

### I.    Conviction and Sentencing

In March 2022, Rice was arrested for violating his state parole after parole officers found four firearms in his bedroom. On May 18, 2022, a federal

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

grand jury indicted Rice on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Rice entered a guilty plea purportedly under Federal Rule of Criminal Procedure 11(c)(1)(C). The parties agreed to a binding sentence of 84 months' imprisonment despite an advisory guideline range of 120 months, *see* U.S.S.G. § 5G1.1(a), as well as jointly recommending a credit under U.S.S.G. § 5G1.3 for the time Rice had served between his federal indictment and sentencing.

At the outset of the sentencing hearing in January 2023, the district court remarked that the 84-month sentence was "quite a step down from the guidelines" but still deemed it appropriate because Rice would not be "given credit . . . for the time he's serving with the state." R. vol. 2, at 36. When invited to comment, Rice's counsel requested that Rice's federal sentence run concurrent to his state sentence. The district court then accepted the Rule 11(c)(1)(C) plea agreement and sentenced Rice to "84 months with an adjustment, pursuant to USSG Section 5G1.3, for time served since May 18, 2022." R. vol. 2, at 40. The court also ordered that Rice's federal sentence run concurrent to his state sentence for violating parole. Rice did not appeal.

## II.    Motion to Vacate

In November 2023, Rice filed a petition under 28 U.S.C. § 2255, seeking to have his conviction and sentence vacated. He argued that his conviction cannot stand after *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), which he says renders his conviction unconstitutional as

2

barring convicted felons a right to possess firearms for self-defense. He also asserted that his attorney provided ineffective assistance by failing to advise him of *Bruen* and failing to file a motion to dismiss the indictment under *Bruen*. Finally, he contended that his attorney provided ineffective assistance at sentencing. The government responded, arguing that Rice's claims failed on the merits.[1]

The court ruled that Rice had procedurally defaulted his *Bruen* claim by raising it for the first time in a § 2255 petition. The court also rejected his ineffective-assistance claims on the merits.

### STANDARD OF REVIEW

Rice must obtain a COA before we may address the merits of his appeal, as it is a jurisdictional prerequisite to our review. *See Montez v. McKinna*, 208 F.3d 862, 866–67 (10th Cir. 2000). To do so, Rice must show that "jurists of reason would find it debatable" (1) "whether the petition states a valid claim of the denial of a constitutional right" and (2) "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[1] In the plea agreement, Rice agreed to waive any collateral attack on his conviction and sentence, except for ineffective-assistance-of-counsel claims.

## DISCUSSION

We first consider Rice's argument under *Bruen* and then address his ineffective-assistance claims.[2]

### I.     Rice procedurally defaulted his claim under *Bruen*.

Rice concedes that he procedurally defaulted his *Bruen* claim by failing to raise it in a direct appeal. To proceed despite this default, he relies on the actual-innocence exception. But he builds his argument on a misread of *Bruen*, 597 U.S. 1. Contrary to Rice's view, that case does not hold that felons may possess firearms for self-defense. *See, e.g.*, *Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023) (ruling that *Bruen* did not abrogate circuit precedent upholding § 922(g)(1) as constitutional). Thus, reasonable jurists would not debate the district court's ruling on Rice's *Bruen* claim.

### II.     Rice's ineffective-assistance claim based on *Bruen* fails.

In Rice's petition, he claims that he would not have pleaded guilty had he been advised about *Bruen*. The district court rejected this claim, ruling that it was "mere[ly] conclusory" so Rice had not shown prejudice. R. vol. 1, at 33.

To prevail on an ineffective-assistance claim, Rice must show that his counsel's performance was deficient and that he suffered prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To show prejudice in the

---

[2] Because Rice proceeds pro se, we liberally construe his filings, but we do not act as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

guilty plea context, the [prisoner] must establish that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial." *United States v. Reed*, 39 F.4th 1285, 1293 (10th Cir. 2022) (cleaned up). Because *Bruen* does not stand for the proposition that Rice asserts it for, "it is hard to see" how his awareness of the case would have changed his "assessment of his strategic position" and caused him to insist on going to trial. *United States v. Dominguez Benitez*, 542 U.S. 74, 85 (2004). Thus, Rice has not shown a reasonable probability that he would not have pleaded guilty, and reasonable jurists would not debate the district court's ruling.[3]

### III.   Rice's counsel provided effective assistance at sentencing.

In his petition, Rice contends that his counsel provided ineffective assistance by failing to argue (1) that his federal sentence should run concurrent to his state sentence and (2) that he should receive a credit under § 5G1.3. Rice's first argument is mistaken because his counsel in fact successfully argued for a concurrent sentence. Thus, we consider only whether his counsel provided ineffective assistance by failing to argue for a credit under § 5G1.3(b)(1).

---

[3] Rice also claims that his counsel was ineffective by failing to file a motion to dismiss the indictment under *Bruen*. But Rice's counsel needn't file a meritless motion to provide effective assistance. *See United States v. Babcock*, 40 F.4th 1172, 1177 (10th Cir. 2022).

Under § 5G1.3(b)(1), a defendant shall receive a credit for time already served that will not be credited by the Bureau of Prisons. To qualify, the defendant must have been serving a prison term for an offense that is relevant conduct to the instant federal offense—for example, if a defendant has been serving a state sentence for the same conduct underlying his federal conviction. *See* U.S.S.G. § 5G1.3 cmt. n.2(D). The Guidelines commentary provides a helpful example: if "a sentence of 13 months provides the appropriate total punishment" and the defendant has served 6 months on a related state charge, then the court should sentence the defendant to 7 months. *See id.* In ordering this credit, the district court "should note on the Judgment . . . that the sentence imposed is a sentence reduction pursuant to § 5G1.3(b)." *Id.* § 5G1.3 cmt. n.2(C).

To consider whether Rice's counsel provided ineffective assistance, we evaluate counsel's performance from her "perspective at the time," indulging "a strong presumption that [it] falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Here, before being given an opportunity to argue for the state-time-served credit, defense counsel heard the district court say that the 84-month sentence was "quite a step down from the guidelines" but nonetheless appropriate because Rice would "*not* [be] given credit . . . for the time he's serving with the state." R. vol. 2, at 36 (emphasis added). Given this, Rice's counsel reasonably understood that the district court was exercising its discretion under the plea agreement either to reject a § 5G1.3

6

credit or to subsume it into the 84-month sentence. Thus, reasonable jurists would not debate the district court's conclusion that Rice received the effective assistance of counsel. *See Babcock*, 40 F.4th at 1177.

## CONCLUSION

For these reasons, we deny Rice a COA and dismiss this matter.

Entered for the Court

Gregory A. Phillips
Circuit Judge